## THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

SCOTT KODY,

        Plaintiff,

    v.                               Case No. 12 CV 4112

VILLAGE OF SCHAUMBURG,

        Defendant.                Plaintiff Demands Trial By Jury

## <u>COMPLAINT</u>

Plaintiff SCOTT KODY, through his undersigned counsel, seeks redress against Defendant VILLAGE OF SCHAUMBURG and states as follows:

1.    Plaintiff SCOTT KODY brings this action for violations of the Age Discrimination in Employment Act ("ADEA"), as amended, pursuant to 29 U.S.C. § 621 *et seq.* (Count I). Plaintiff seeks declaratory, compensatory, and equitable relief.

2.    This Court has subject matter jurisdiction over Plaintiff's ADEA claim pursuant to 29 U.S.C. § 626(c).

3.    Venue in this court is proper for purposes of Plaintiff's ADEA claim pursuant to 29 U.S.C. § 626(c).

4.    Plaintiff SCOTT KODY ("Kody") is a citizen of the United States who resides in this judicial district.

5.    Plaintiff Kody is over forty (40) years of age.

6.     Plaintiff Kody was hired as a Firefighter/Paramedic with the Village of Schaumburg on or about December 29, 1982.

7.     Defendant VILLAGE OF SCHAUMBURG is a municipality incorporated under the laws of the State of Illinois. The Village of Schaumburg administers itself through departments, one of which is the Village of Schaumburg Fire Department. At all relevant times, Defendant Village of Schaumburg Fire Department, through the Village of Schaumburg, has been continuously engaged in an industry affecting commerce.

## Administrative Proceedings

8.     On September 25, 2009, Plaintiff filed a charge of discrimination with the Illinois Department of Human Rights ("IDHR"), which was cross-filed with the Equal Employment Opportunity Commission ("EEOC"), alleging discrimination based upon his age.

9.     Plaintiff's EEOC Charge was filed more than sixty (60) days prior to bringing this claim.

10.     On or about March 5, 2012, Plaintiff received a notice of right to sue from the EEOC on his charge.

11.     Plaintiff's age discrimination claim is timely filed within 90 days of the receipt of the notice of right to sue.

### Factual Allegations Common to All Counts

12.     Since December 1982, Kody has worked for Defendant in various positions in the Fire Department.

13.     In 1984, Kody was placed in the position of Public Education Officer.

14.     Kody faithfully served in the position of Public Education Officer until he was removed in September 2009.

15.     Kody also served in various other positions, including the open house program and the school program until he was removed in April 2009.

16.     Plaintiff Kody is currently a Firefighter/Paramedic.

17.     Kody has received numerous commendations and has had excellent performance while employed at Defendant.

18.     During Plaintiff Kody's employment, he was subjected to ageist statements.

19.     In or about April 2009, Defendant started stripping Plaintiff Kody of various position he held in the Fire Department because of his age.

20.     In or about April 2009, Defendant, through Deputy Chief Roger Turk, removed Kody from the open house and school programs.

21.     On or about September 18, 2009, Defendant, through Deputy Chief Turk, told Kody that he was "getting up in age" and that he should retire from his position as Public Education Officer with the Fire Department.

22.     Kody responded that he was not going to retire.

3

23.     Deputy Chief Turk then told Kody to turn over his keys and removed him from the position of Public Education Officer.

24.     As a result of being removed from the position of Public Education Officer, Kody has lost salary, overtime, and other benefits of employment; he has also suffered emotional distress and other non-monetary damages.

25.     While Kody remains employed with Defendant as a Firefighter/Paramedic he has been stripped of positions he loved, including the Public Education Officer.

26.     Defendant replaced Kody with younger, less-qualified individuals in the position of Public Education Officer.

27.     Kody is objectively more qualified than other individuals that Defendant replaced him with in the position of Public Education Officer.

28.     In addition, Defendant has violated Plaintiff's rights under the ADEA to be free from unlawful employment decisions made by removing him from his position as Public Education Officer and replacing him with younger, less-qualified candidates for the position on the basis of age discrimination.

## COUNT I

### (Age Discrimination in Employment Act Violation)

29.     Plaintiff realleges and incorporates by references paragraphs 1-28 above as if fully set forth herein.

30.     At all relevant times, Defendant was and is an "employer" within the meaning of the ADEA.

31.     At all relevant times, Plaintiff was employed by Defendant and was an "employee" of Defendant within the meaning of the ADEA.

32.     Plaintiff filed a charge of discrimination with the EEOC, which was cross-filed with the IDHR, alleging age discrimination more than sixty (60) days prior to bringing this claim.

33.     Defendant acted intentionally and in bad faith when it removed Plaintiff from the position of Public Education Officer and other positions based on his age.

34.     Defendant, as an employer and government entity, is subject to the requirements of the ADEA.

35.     Defendant, as an employer and government entity, should not discriminate against its employees because of their age.

36.     Defendant, as an employer and government entity, has an obligation to ensure that its employees are not discriminated against based on their age and are not terminated from their employment or any position for discriminatory reasons.

37.     Defendant, as an employer and government entity, should have a policy against discrimination, including age discrimination.

38.     Defendant violated this policy by discriminating against Kody based on his age.

39.     By reason of the foregoing, Defendant discriminated against Kody because of his age in violation of 29 U.S.C. § 623(a).

40.     Defendant's conduct has resulted in damages to Plaintiff including but not limited to lost wages and benefits, emotional distress and humiliation, future pecuniary losses, attorneys fees, and other damages.

WHEREFORE, Plaintiff respectfully requests that this Court grant the following relief:

A.     All wages and benefits Plaintiff would have received but for the ADEA violations, including but not limited to back pay, front pay, pre-judgment interest, and restoration of job assignments;

B.     A permanent injunction enjoining Defendant from engaging in the practices complained of herein;

C.     A permanent injunction requiring that Defendant adopt employment practices and policies in accord and conformity with the requirements of the ADEA;

D.     The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

E.     An award of reasonable attorneys' fees, costs, and litigation expenses; and

F.     Such other relief as the Court may deem just or equitable.

Respectfully submitted,

SCOTT KODY


*s/Dana L. Kurtz*
_____
One of Plaintiff's Attorneys

*Electronically filed on May 25, 2012*

Dana L. Kurtz (ARDC # 6256245)
KURTZ LAW OFFICES, LTD
32 Blaine Street
Hinsdale, Illinois 60521
Phone:  630.323.9444
Facsimile:  630.604.9444
E-mail:  dkurtz@kurtzlaw.us

Richard J. Reimer (ARDC # 619572)
Keith A. Karlson (ARDC # 6279194)
RICHARD J. REIMER & ASSOCIATES LLC
15 Spinning Wheel Road, Suite 310
Hinsdale, Illinois 60521
Phone: 630.654.9547
Facsimile: 630.654.9676
E-mail:  kkarlson@rjrlaborlaw.com